IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICKY KELLY-TORRES<br>1400 Robert Street<br>Whitehall, Pennsylvania 18052<br><br>              Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA<br>(United States Postal Service)<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>   and<br><br>TYLER NADEUA<br>1000 Postal Road<br>Allentown, Pennsylvania 18109<br><br>           Defendants. | No.<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES**, the Plaintiff, Micky Torres, by and through his legal counsel, John P. Karoly, III, Esquire, and does hereby allege and aver the following:

### I.   JURISDICTION AND VENUE

1.   This action is instituted under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671-2680.

2.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331-1367, and 1346(b).

3.    Venue in the Eastern District of Pennsylvania is properly laid pursuant to 28 U.S.C.A. § 1391 and 28 U.S.C.A. § 2674 insofar as the alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the Plaintiff's claims, arose within the geographical limits of this District in general, and within the geographical limits of Allentown, Lehigh County, Pennsylvania, in particular.

## II.    PARTIES

4.    Plaintiff Micky Kelly-Torres, (hereinafter "Torres" or "Plaintiff") is an adult individual, who resides at 1400 Robert Street, Whitehall, Lehigh County, Pennsylvania 18052.

5.    Defendant, United States of America, is a statutory Defendant, pursuant to the FTCA. See, 28 U.S.C.A. § 1346(b)(1) and § 2674.

6.    Alternative Defendant Tyler Nadeau (hereinafter "Nadeau") is an adult individual who has a business address of 1000 Postal Road, Allentown, Lehigh County, Pennsylvania 18109 and, who at all times pertinent was a resident of the Commonwealth of Pennsylvania and who operated a 2014 Dodge Caravan cargo van as an employee of the United States Postal Service, within the course and scope of his employment for the United States.

7.    The Postal Reorganization Act generally "waives the immunity of the Postal service from suit by giving it the power 'to sue and be sued in its official name." *Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741, 129 S. Ct. 1321 (quoting 39 U.S.C. §401(1)). The statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service." See, 39 U.S.C.A. §409(c). Hence, a claim maybe brought against the United States as the named Defendant (See, *Dolan*

*v. Postal Service*, 2021 WL 3930713 at, *2 (D.N.J. 2021)) for a negligence claim committed by one of its employees (Nadeau) during the course and scope of his employment.

## III.    PRE-DISCOVERY FACTUAL ALLEGATIONS

8.    On or about May 30, 2023, Kelly-Torres was operating his 2010 Mercedes Benz E350 going East on Susquehanna Street in the City of Allentown.

9.    At or about that same time, Nadeau was operating a 2014 United States Postal Service Caravan in the same direction on East Susquehanna Street.

10.    Torres was slowing down in the traffic and was going to make a left hand turn into a parking lot when without warning the Van operated by Nadeau made impact to the rear of Torres' automobile.

11.    The impact caused disabling damage to both automobiles.

12.    Kelly-Torres was examined by EMS and transported from the scene to Sacred Heart Hospital.

13.    Kelly-Torres has sought and received medical care and treatment for the injuries he sustained in this accident.

14.    Nadeau operated his vehicle in a negligent and careless manner such that contact was caused between the parties' vehicles.

15.    Nadeau's actions or inactions caused sudden, forceful and violent contact between the vehicles, thereby seriously and permanently injuring Kelly-Torres.

16.    At all times relevant hereto, Kelly-Torres was operating his vehicle within the duties of the road and acted with all due and reasonable care and was not contributory negligent.

17. As a direct and proximate result and consequence of the aforesaid negligence and carelessness of Nadeau, Kelly-Torres has suffered physical and mental pain and suffering, in both the past and the predictable future, including discomfort, loss of use of bodily functions, ill health, loss of sleep, and other emotional injuries including stigma, humiliation, distress, fright, PTSD and emotional trauma; medical and psychological expenses, past and future; loss of life's pleasures; property damage to and loss of use of his 2010 Mercedes-Benz E350 and, costs of substitute rental car services; and loss of income.

### COUNT I
### Kelly-Torres v. U.S.A. and/or Nadeau
### NEGLIGENCE & NEGLIGENCE *PER SE*
### "FTCA" (28 U.S.C.A. §§2671-2680)

18. The preceding paragraphs are incorporated herein by reference as though fully set forth.

19. The Plaintiff has satisfied the requirements of 28 U.S.C.A. § 2675 which authorizes damages for the injury or loss of property or personal injury caused by the negligent or wrongful act or omission of its US Postal Service employee, Tyler Nadeau.

20. The within claim is deemed to have been administratively denied due to the agency's failure to make final disposition of this claim within six months after it was filed on with the administrative agency.

21. The FTCA provides a remedy in damages for the tortious acts of employees of the United States.

22. Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts, committed by its employees during the scope of their employment, including the claim asserted herein.

23.    The proper Defendant for purposes of an FTCA claim is the United States. See, 28 U.S.C.A. §§2679(d).

24.    The facts set forth hereinbefore demonstrate that:

a.    While acting during the course and scope of his employment with the United States Postal Service, federal employee owed a duty to the Plaintiff to operate his vehicle in a safe manner and to keep it under control at all times, ensuring it is operated in full compliance with the Pennsylvania Vehicle Code;

b.    federal employee Tyler Nadeau breached that duty by subjecting the Plaintiff to an unwarranted and unlawful crash into the rear of the Plaintiff's vehicle as it slowed to make a lawful turn from his proper lane travelling east on Susquehanna Street and the tailgating federal employee operating a U.S. Postal Service Caravan failed to slow his vehicle causing it to crash into the rear of Plaintiff's vehicle; and

c.    The negligent breach of that duty proximately caused the serious injuries and losses including property loss, to the Plaintiff which are alleged herein.

25.    The facts set forth herein also demonstrate that

a.    The Pennsylvania Vehicle Code (hereinafter "Code"), §3714 Carless Driving, §3361 Driving at a safe speed, §3736 Reckless Driving and §3322 Vehicle Turning Left, among others, were Pennsylvania laws in effect at the time of the alleged harm to Plaintiff occurred.

b.    The Code was intended to protect the class of people of which the Plaintiff was a member.

 c. These Pennsylvania laws dictate the duty of care required of someone in the same situation as the Defendant at the times he operated the U.S. Postal Service Caravan when it came into violent contact with the Plaintiff.

 d. Because Defendant violated the provisions of Pennsylvania law, Defendant(s) is/are negligent as a matter of law.

 e. Because Defendant's carelessness and negligence was a factual and proximate cause of the Plaintiff's injuries, Defendant(s) is/are legally responsible for the damages alleged above, said paragraphs being incorporated herein as if set forth et extenso here.

26. As a result of Defendants' negligence, the Plaintiff suffered, and will continue to suffer, the damages and losses stated herein

27. The tortious injuries caused by Defendant were inflicted by him as an employee of the Government, acting within the scope of his employment as a U.S. Postal service worker.

28. Because the United States, if it were a private person, would be liable to Plaintiff in accordance with the law of the place where the act or omission occurred (i.e. Commonwealth of Pennsylvania), the FTCA substitutes the United States as defendant in this action, and waives the sovereign immunity of the United States for his negligent acts or omissions as more fully set forth herein.

**WHEREFORE,** Plaintiff, Micky Kelly-Torress, respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against the United States and/or the Alternative Defendant, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit

for arbitration in the Federal District Court for the Eastern District of Pennsylvania, such other relief as the Court may find appropriate, or the law may otherwise permit.

## COUNT II
### Kelly-Torres v. U.S.A. and/or Nadeau
### NEGLIGENCE & NEGLIGENCE *PER SE*
### (Alternative Pennsylvania Cause of Action)

29. The preceding paragraphs are incorporated herein by reference as though fully set forth.

30. The Plaintiff hereby avails himself of his right under Federal Rule of Civil Procedure 8, to set forth two or more statements of a claim, alternatively or hypothetically, in separate counts in the same Complaint. Rule 8 permits inconsistency in both legal and federal allegations and does not require a party to choose which theories or causes of action he will pursue at the pleading stage. The Plaintiff will only alternatively pursue the out-of-scope claim set forth in Count II, if and only if, his FTCA claim is terminated adversely to him, for any reason, by judgment or otherwise.

31. The collision between the vehicles was caused solely, or to a reasonable degree by the negligence and carelessness of Nadeau in that:

    a. he operated her vehicle at an excessive rate of speed under the circumstances;

    b. he operated his vehicle without the same being equipped and supplied with proper safety equipment and applications when he knew or should have known of such defective conditions;

    c. he failed to have his vehicle under proper and reasonable control;

    d. he failed to give proper and sufficient warning to Plaintiff of the approach and intended actions of his vehicle;

    e. he operated his vehicle in such a manner as to cause it to collide with the vehicle operated by Plaintiff;

Page **7** of **10**

f.  he failed to pay proper and reasonable attention to the road way and other vehicles on the road to protect the rights, safety and position of Plaintiff and others similarly situated;

g.  he failed to maintain proper, safe and adequate look out under the circumstances;

h.  he failed to take reasonable and appropriate evasive maneuvers to avoid the collision with Plaintiff's vehicle;

i.  he failed to operate her vehicle in such a manner as to that it could be brought to a stop within the assured clear distance of other vehicles on the roadway, and/or maintain a safe distance between her vehicle and vehicles operating on the roadway, including Plaintiff's vehicle;

j.  he failed to comply with the laws, rules and regulations of the Pennsylvania Motor Vehicle Code and local ordinances; and

k.  he operated her vehicle when she was distracted by her activities and events occurring within her vehicle or readily observable outside her vehicle that were not reasonable to be observing at the time of the accident.

32.  By reason of the negligence and carelessness of Nadeau, Kelly-Torres was violently struck and suffered severe, serious and possibly permanent injuries, including inter alia:

a.  physical impairments, specifically including, but not limited to, injuries of the neck, head, chest, knee and back;

b.  bruising, contusions and swelling;

c.  physical pain and suffering;

d.  mental anguish and anxiety;

e.  disfigurement;

Page **8** of **10**

  f. emotional trauma, embarrassment and humiliation;

  g. psychological distress; and

  h. loss of use, benefit, and enjoyment of life.

33. By reason of the negligence and carelessness of Nadeau, Kelly-Torres has been unable to engage in his usual and customary social and recreational activities and other life's pleasures and may be prevented from engaging in such activities in the future, all to his great loss and detriment.

34. By reason of Nadeau's negligent and careless conduct as aforesaid, Kelly-Torres has suffered, and will continue to suffer into the future, economic losses, including, inter alia:

  a. incurring expenses and costs for past/present and future medical care, diagnosis and treatment as well as therapy; and

  b. wage loss and loss of economic horizons.

35. Defendant Tyler Nadeau negligently injured the Plaintiff and his property as aforesaid.

  a. If it should later be determined, at any time, that the Defendant acted outside the scope of his employment as a U.S. Postal Service employee; Defendant, Tyler Nadeau is still individually liable to the Plaintiff for his negligent and tortious conduct under Pennsylvania law.

  b. Defendant Tyler's conduct was negligent, and in reckless disregard for the safety of the Plaintiff as he lawfully travelled upon the highway and thoroughfare of this Commonwealth thereby entitling him to a grant of compensatory damages.

  c. As a result of Defendant's negligence, the Plaintiff has suffered, and will continue to suffer, the damages and losses stated herein.

**WHEREFORE,** Plaintiff, Micky Kelly-Torress, respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against the United States and/or the Alternative Defendant, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, such other relief as the Court may find appropriate, or the law may otherwise permit.

Respectfully Submitted:
KAROLY LAW FIRM, LLC

Dated: May 29, 2026            BY:

John P. Karoly III, Esquire
I.D. No. 204531
527 Hamilton Street
Allentown, PA 18101
(610) 437 – 1252
(610) 437 – 3738 (facsimile)
jp.karoly@karolyfirm.com
Attorney for Plaintiff Kelly-Torres